EDWARD D. MOORE, an Infant, etc., Respondent, *v.* JOSEPH HEGEMAN, Executor and Trustee, etc., and Others, Appellants.

*Divorce in this State on the ground of adultery — the guilty party may contract a valid marriage in another State.*

The wife of one Moore, both of them being residents of this State, brought an action here for a divorce, on the ground of his adultery, and procured a judgment therein, granting her a divorce, and forbidding him to marry again during her life. Thereafter, Moore went with a woman, who was also a resident of this State, to Jersey City, in the State of New Jersey, and there married her, returning to this State after the ceremony, and continuing to reside here. A statute of New Jersey provides that "all marriages, where either of the parties shall have a former husband or wife living at the time of such marriage, shall be invalid from the beginning and absolutely void, and the issue thereof shall be illegitimate."

*Held,* that there was no former wife living at the time of the New Jersey marriage, within the meaning of the statute of that State, and that children born in this State of the second marriage, during the lifetime of the first wife, were legitimate.

*Van Voorhis* v. *Brintnall* (86 N. Y., 18) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

. The action was brought to compel the defendant Hegeman, as executor, etc., to pay over to the plaintiff the amount to which he was entitled under the last will and testament of Austin D. Moore, deceased, as the lawful issue of Austin D. Moore, the son of the testator.

· The principal question was as to the legitimacy of the plaintiff.

Austin D. Moore, the plaintiff's father, was first married to one Elizabeth Rowe on or about the 21st of November, 1871, and subsequently thereto, and on or about the 8th of November, 1875, the said Elizabeth Rowe obtained, in the City Court of Brooklyn, an absolute divorce from him for his adultery, the judgment providing that it should not be lawful for him to marry again during her life.

Subsequently, and on or about the 9th day of December, 1876, Moore and his divorced wife Elizabeth went through the form of a marriage ceremony in the city of Brooklyn, but Elizabeth having, on or about June 26, 1877, brought a new action in the City Court for a divorce from him, it was adjudged and determined that, by reason of the prohibition of the statute and of the decree in the former divorce suit, the said alleged marriage of December ninth, in the city of Brooklyn, was void and of no effect.

On the 17th of November, 1877, Moore was married to Carrie Maynard, the mother of the plaintiff, in the State of New Jersey. At the time Carrie Maynard was under age, and temporarily resided with her sister in the city of Brooklyn, her parents being residents of the State of Indiana. The plaintiff was the only issue of said marriage.

It was found and decided by the court, at Special Term, that said marriage in New Jersey was entered into in accordance with the laws of said State, and that the plaintiff was the lawful issue of said Austin D. Moore, and entitled to the share of the estate now in the hands of Hegeman as trustee, etc.

To this the defendants except, claiming that the marriage in New Jersey was not lawful, according to a certain clause of a sentence in the Revised Statutes of that State.

*H. M. Whitehead,* for the appellants.

*Tracy, Catlin & Hudson,* for the respondent.

BARNARD, P. J.:

The principal question in this case has been decided by the Court of Appeals. The facts are very similar to those in *Van Voorhis* v. *Brintnall* (23 Hun, 260; 86 N. Y., 18). Austin D. Moore was married in this State, was divorced for his own adultery. While his divorced wife was alive he married again in New Jersey. Edwin Moore is the result of this New Jersey marriage. There was no actual intent to evade the laws of New York in this case, although both parties knew of the divorce. In *Van Voorhis* v. *Brintnall,* there was an intent to evade the laws of New York, by the marriage of the parties in New Haven. The Court of Appeals held the marriage good; that the statutes of New York had no extra territorial effect, and that a marriage good in Connecticut was good here, notwithstanding our statutes prohibited a person divorced for his own adultery from marrying again during the life of his wife so divorced.

The decision of the Court of Appeals in *Wait* v. *Wait* (4 N. Y., 95) was to the effect that the marriage was not entirely abrogated by the statute, but only so far as the statute provided, and that the first wife was entitled to dower in her divorced husband's lands. The same principle is held in *Cropsey* v. *Ogden* (11 N. Y., 228). This decision must be deemed overruled by the case of *Van Voorhis* v. *Brintnall,* otherwise there will be two widows, perhaps more, of one man, equally entitled to dower in a husband's lands and distribution, under our laws providing for distribution in cases of intestacy of the husband.

The rule probably now is that the divorce severs entirely the marriage relations. The divorced wife is no longer wife, either for dower or distribution in the divorced husband's real or personal property. Such being the case, there is nothing in the New Jersey statute which calls for a different conclusion from that reached in *Van Voorhis* v. *Brintnall.* That statute is as follows:

" Divorces from the bonds of matrimony shall be decreed when either of the parties had had another wife or husband living at the time of such second or other marriage ; and all marriages when either of the parties shall have a former husband or wife living at the time of such marriage, shall be invalid from the beginning and absolutely void, and the issue thereof shall be deemed to be illegitimate and subject to all the legal disabilities of such issue."

If the marriage in New York was absolutely dissolved there was no former wife existing at the time of the New Jersey marriage. The divorced wife was by our law free to marry here or in New Jersey. The husband so divorced could marry anywhere out of the State without violating our law and the marriage be legal. If the former wife in the Van Voorhies case had not been absolutely free from the marriage relations, the marriage would not have been good in Connecticut.

The restricted meaning claimed for the word former in the statute of New Jersey is against the spirit of the act. The intent was to punish bigamy and to provide against bigamous marriages. The criminal part of the New Jersey law is as follows :

" If any person being married, or who hereafter shall marry any person, the former husband or wife being alive, then the person so offending shall be guilty of a high misdemeanor."

The construction claimed by the appellants would make the innocent divorced wife within the scope of this law, and yet she could marry here without offense. I think such is not the construction to be put upon the law. The former wife means an existing wife by a former marriage, an undivorced wife, and not a wife divorced absolutely; and one as to whom the relations of marriage was wholly abrogated.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred ; GILBERT, J., not sitting.

Judgment affirmed, with costs.